IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID SAFFORD,                         :
                                       :
         Plaintiff,                    :
                                       :
    v.                                 :   Civil Action No. 06-692-JJF
                                       :
DAVID R. FAVATA, SHERYL RUSH-          :
MILSTEAD, and DELAWARE                 :
DEPARTMENT OF CORRECTION,              :
                                       :
         Defendants.                   :

David Safford, Pro se Plaintiff.

**MEMORANDUM OPINION**

February 20, 2007
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff David Safford, ("Safford"), an inmate at the Plummer Community Corrections Center filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears <u>pro se</u> and was granted <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915. (D.I. 6.)

For the reasons discussed below, the Court will dismiss, without prejudice, the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. THE COMPLAINT

Plaintiff filed this action in connection with state criminal proceedings. Plaintiff pled guilty, but alleges he was intimidated and coerced into doing so. Plaintiff alleges that the State manipulated the criminal proceedings by returning several indictments against him and taking actions which resulted in weakening and wounding him until he succumbed to the "State's greater power." He also alleges that the Public Defender contributed to the charade by "hobbling" Plaintiff's defenses while they were weak. The Complaint also contains a number of allegations relative to the defense provided Plaintiff. Finally, Plaintiff alleges that Delaware Department of Correction ("DOC") employs tactics such as mental and physical abuse, overcrowding, sleep deprivation, invasion of person and privacy, and lack of

medical care.

Plaintiff asks to be "free from further prosecution" and to have his criminal record expunged. He also seeks compensatory damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United

States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a <u>pro se</u> complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973). Furthermore, Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See <u>Heck v. Humphrey</u>, 312 U.S. 477, 487 (1994).

Here, Plaintiff has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by <u>Heck</u>. To the extent Plaintiff seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. <u>Neitzke</u>, 490 U.S. at 326.

### B. Eleventh Amendment Immunity

The DOC, an agency of the State of Delaware, is named as a Defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Department of Corr., 749 F.Supp. 572, 579 (D. Del. 1991). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. See e.g. Evans v. Ford, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Plaintiff's claim against the DOC has no arguable basis in law or in fact inasmuch as it is immune from suit. The claim is frivolous and the Court will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Prosecutorial Immunity

Plaintiff lists as a defendant David R. Favata ("Favata"), a Deputy Attorney General for the State of Delaware. As a prosecutor, Favata has absolute immunity for all activities relating to judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409 (1976). Indeed, prosecutors are absolutely immune for

all actions performed in a "quasi-judicial" role.  <u>Id</u>. at 430. Prosecutors have absolute immunity for activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior "intimately associated with the judicial phases" of litigation.  <u>Id</u>.  Further, a prosecutor's decision to initiate a prosecution is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role."  <u>Kulwicki</u>, 969 F.2d at 1463-64 (citing <u>Imbler</u>, 424 U.S. at 430-31).

Plaintiff's Complaint contains a number of allegations, but other than naming Favata in the listing of Defendants, it contains no any allegations concerning Favata's actions. Plaintiff's claim against Favata has no arguable basis in law or in fact, and the claim is frivolous.  The Court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Public Defender

Also named as a defendant is Sheryl Rush-Milstead ("Rush"), Plaintiff's defense counsel and an Assistant Public Defender. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds <u>Daniels</u>

-5-

v. Williams, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49.

As alleged by Plaintiff, Rush is an assistant public defender for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in criminal proceedings. Polk County v. Dodson, 454 U.S. 312 (1981). Plaintiff has failed to state a § 1983 claim against Rush. The Court, therefore, will dismiss the claim as frivolous pursuant to 28 U.S.C.§ 1915A(b)(1) and 1915(e)(2)(B).

V.   CONCLUSION

For the reasons discussed above, the Court will dismiss, without prejudice, the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). An appropriate Order will be entered.